UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 03-23044-Civ-MARRA/SELTZER

JOHN BRUHL, KEITH ROTMAN and
SCOTT MALTZ, individually and on
behalf of all others similarly situated

    Plaintiffs

vs.

PRICE WATERHOUSECOOPERS
INTERNATIONAL, et al

    Defendants.
_____/

## ORDER AND OPINION GRANTING JOINT MOTION TO SEVER CLAIMS

**THIS CAUSE** is before the Court upon the Joint Motion to Sever Claims Against Defendant International Fund Services (Ireland) Limited and Transfer Them to The United States District Court For the Southern District of New York [DE 358]. The Court has carefully considered the matter and is otherwise fully advised in the premises.

International Fund Services (Ireland) Limited ("IFSI") is named in Counts Ten (breach of fiduciary duty) and Twenty-Two (negligence and professional malpractice) of Plaintiffs' Consolidated Second Amended Securities Class Action Complaint. IFSI has moved to dismiss the Complaint against it, based on its claim that it is not properly subject to suit in this jurisdiction. In the alternative, IFSI has sought to transfer the claims against it to the Southern District of New York pursuant to 28 U.S.C. § 1404 [DE 344].

In order to expedite this litigation by obviating the need for time-consuming jurisdictional discovery and further litigation of this issue, Plaintiffs have conferred with

IFSI and the parties have agreed to jointly seek a severance of the claims against IFSI and a transfer of those claims to the United States District Court for the Southern District of New York for the convenience of IFSI.

Federal Rule of Civil Procedure 21 permits the Court to sever a claim as to a party and proceed separately with regard to such claims.  Section 1404 gives the district courts the authority to "transfer any civil action to any other district or division where it might have been brought" for the "convenience of parties and witnesses" or "in the interest of justice."  28 U.S.C. § 1404(a).  Together, they enable federal courts to sever individual claims and transfer them to courts in other judicial districts.  *See United States v. Georgia*, 466 F.2d 197, 200 (5th Cir. 1972) (approving joinder of all claims, severance and transfer under § 1404); *Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618-19 (2nd Cir. 1968) (approving severance of individual claims under Rule 21 and transfer under § 1404, citing authority); *Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.*, 104 F. Supp. 2d 279, 287 (S.D.N.Y. 2000) ("Rule 21 of the Federal Rules of Civil Procedure authorizes the severance of any claim against a party in order that it be transferred pursuant to Section 1404(a) of the Judicial Code").

Plaintiffs could have originally brought their claims against IFSI in the Southern District of New York.  As noted in IFSI's Motion to Dismiss, events giving rise to claims against IFSI occurred in the Southern District of New York.  DE 344 at 15-16.  Moreover, IFSI consents to the jurisdiction of the United States District Court for the Southern District of New York.

Currently, the related matter, *The Pension Committee of the University of Montreal Pension Plan, et al., v Banc of America Securities et al.,* 05-Civ-9016 (SAS), is pending in that Court. The parties submit that if the Court grants this motion and transfers the claims against IFSI to the Southern District of New York, IFSI will answer the Complaint and not move to dismiss it. The parties state that they will also move to consolidate these claims with the related group action for discovery purposes.

Accordingly, for the agreed convenience of the parties, it is hereby

**ORDERED AND ADJUDGED** that the Joint Motion to Sever Claims Against Defendant International Fund Services (Ireland) Limited and Transfer Them to The United States District Court For the Southern District of New York **[DE 358]** is **GRANTED**. Counts Ten and Twenty-Two of Plaintiffs' Consolidated Second Amended Securities Class Action Complaint against IFSI are hereby severed and transferred to the United States District Court for the Southern District of New York. Fed.R.Civ.P. 21; 28 U.S.C. § 1404(b). It is further

**ORDERED AND ADJUDGED** that the Motion and Supporting Memorandum of Law of Defendant International Fund Services (Ireland) Ltd. to Dismiss the Complaint, Stay or Transfer the Action **[DE 344]** is **DENIED as moot.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 31st day of October, 2006.

                                                KENNETH A. MARRA

copies to:                    United States District Judge
All counsel of record