UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 03-23044-Civ-MARRA

JOHN BRUHL, KEITH ROTMAN and
SCOTT MALTZ, individually and on
behalf of all others similarly situated

    Plaintiffs
vs.

PRICE WATERHOUSECOOPERS
INTERNATIONAL, et al

    Defendants.
_____/

## ORDER AND OPINION ON CITCO GROUP LIMITED'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon The Citco Group Limited's Motion to Dismiss Plaintiffs' Consolidated Second Amended Securities Class Action Complaint [DE 315]. This motion is fully briefed and ripe for review.

Previously, Citco Group Limited ("CGL") filed a Motion to Dismiss addressed to Plaintiffs' Consolidated Amended Securities Class Action Complaint. On March 31, 2006, the Court denied that motion without prejudice with leave to renew after completion of jurisdictional discovery. *See* DE 290. Specifically, the Court found that disputed issues of fact existed as to whether this Court had personal jurisdiction over CGL, and therefore jurisdictional discovery would be conducted. Once the Court issued its ruling, Plaintiffs reported that CGL, when faced with the prospect of discovery, conceded that this Court has jurisdiction over it.

On April 28, 2006, Plaintiffs filed their Consolidated Second Amended Complaint ("SAC") [DE 300]. In the SAC, Plaintiffs allege that CGL, in tandem with Citco Fund Services (Curacao), N.V. ("CFS"), are primarily liable for violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. 240.10b-5, as well as liable for common law fraud, breach of fiduciary duty, aiding and abetting common law fraud, aiding and abetting breach of fiduciary duty, negligent misrepresentation, negligence, and professional malpractice.  SAC ¶¶ 338-46, 352-400.  Plaintiffs also allege that CGL "had the power to control" CFS and is thus subject to "control person" liability under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a).  SAC ¶¶ 347-51.

CGL has filed its second motion to dismiss asserting multiple reasons for dismissing the SAC.  These reasons include that the SAC improperly lumps CGL and CFS together as a single entity and refers to them throughout the SAC as the "Citco Defendants;" that it does not state a claim against CGL for either a primary violation of the federal securities law under Section 10(b), or for secondary liability under Section 20(a).  CGL also argues that the common law claims fail.

## STANDARD OF REVIEW

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. *See Murphy v. Federal Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000)(citing *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999)).  A complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim." *Id*. at 47.  All that is required is "a short and plain statement of the claim."  Fed.R.Civ.P. 8(a)(2).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  *See Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986).

Where a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Fed.R.Civ.P. 9(b).  The purpose of Rule 9(b) is to "ensure that the allegations of fraud are specific enough to provide sufficient notice of the acts complained of" and to "eliminate those complaints filed as a pretext for discovery of unknown wrongs. . . ."  *Anderson v. Transglobe Energy Corp.*, 35 F. Supp. 2d 1363, 1369 (M.D. Fla. 1999).  The Eleventh Circuit has cautioned, however, that "Rule 9(b) must not be read to abrogate Rule 8 . . . and a court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directive of Rule 9(b) with the broader policy of notice pleading."  *Friedlander v. Nims,* 755 F.2d 810, 813 n.3 (11th Cir. 1985).

Generally, in order to survive a Rule 9(b) challenge, the complaint must specify: (1) what statements were made in what documents or oral representations or what

omissions were made; (2) the time and place of each such statement and the person responsible for making it (or, in the case of omissions, not making); (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendants obtained as a consequence of the fraud.  *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (citing *Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1371 (11th Cir. 1997)).

**Statement of Facts**[1]

CGL and CFS are separate corporate entities.  CGL is "an independent financial services organization" with its "principal place of business . . . [in] the Cayman Islands, West Indies."  SAC ¶ 31.  CFS is "a business entity organized and existing under the laws of the Netherlands Antilles, having places of business . . . [in] Curacao, Netherlands Antilles [and] Tortola, British Virgin Islands."  SAC ¶ 32.  The SAC alleges that CFS is a "regional office of CGL," *and* "a division and wholly owned and controlled subsidiary" of CGL.  SAC ¶¶ 31-32.

---

[1] In ruling on a motion to dismiss, the court accepts all of Plaintiffs' well-pled allegations as true, and grants them all the favorable inferences that can be drawn from those allegations.  *E.g., Wagner v. Daewoo Heavy Inds. America Corp.*, 289 F.3d 1268, 1271 (11th Cir. 2002). The Court may consider the full text of documents referenced in, or central to, the allegations of the complaint.  *See Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).  If an allegation in a complaint is based on a writing and the writing contradicts the allegation, the writing controls.  *See Assoc. Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974).  The Court has reviewed and considered the Administrative Services Agreements (SAC Exs. B, C, D), the Offshore Funds' Placement Memoranda (SAC Exs. E, F), and NAV statements (Ex. L).

Pursuant to written Administrative Services Agreements between CFS and the Offshore Funds, CFS performed administrative and clerical services for the Funds from their inception until roughly September 2002.  SAC ¶¶ 88, 92, Exs. B, C, and D.  CFS's enumerated duties included "computing the monthly Net Asset Value of the Company's shares, as of the close of business on the last Business Day of each month . . ." *Id*.  The Offshore Funds' Placement Memoranda identifies CFS as the Fund Administrator and lists as one of its duties, "publishing and furnishing the Net Asset Value of the Fund's Shares in accordance with its Articles of Association.  SAC ¶ 101, Ex. E at 34-35, Ex. F at 33.

## DISCUSSION

### Does the SAC State a Claim Against CGL?

In the introductory paragraph of the SAC, Plaintiffs define CFS and CGL collectively as the "Citco Defendants."  Despite recognizing that CFS and CGL are separate corporate entities, the Plaintiffs refer to them interchangeably as the "Citco Defendants."  SAC ¶¶ 31-32.  The SAC does not differentiate between CFS and CGL and it does not specify with particularity which wrongful acts were committed by which defendant.  By pleading in such a manner, Plaintiffs attribute the alleged acts and omissions of CFS to its purported corporate parent, CGL.

CGL argues that Plaintiffs' intentionally vague but repeated use of the term "Citco Defendants" results in contradictions that render the SAC unanswerable.  From a review of the SAC, it is clear that CFS, not CGL, was the entity that contracted to

provide, and did in fact provide, the administrative services at issue:

- The Administrative Services Agreements clearly identify CFS as the administrator.  CGL is not a party to these agreements (SAC Exs. B, C, & D);

- The Offshore Funds' Placement Memoranda clearly identify that the Fund contracted with CFS to serve as administrator.  CGL is not mentioned in these memoranda (SAC Exs. E & F);

- The NAV statements attached to the SAC unambiguously indicate that they were sent by CFS, not CGL (SAC Ex. L);

- In the SAC, Plaintiffs allege that CFS "served as the administrator" of the Offshore Funds, that CFS "was to receive an Administration Fee for its services," and that CFS "resigned" as the administrator (SAC ¶¶ 17, 88, 92);

Despite the foregoing, Plaintiffs allege that "the Citco Defendants acted as the Administrator" for the Offshore Funds and that the "Citco Defendants directly disseminated" the NAV statements at issue.  SAC ¶¶ 33, 225.  Other than through this inappropriate use of the term "Citco Defendants," Plaintiffs fail to make any express allegation that directly connects CGL to the alleged conduct at issue.

To state successfully a securities fraud claim under Rule 10b-5, a plaintiff must show: (1) a misstatement or omission; (2) of material fact; (3) made with scienter; (4) on which the plaintiff justifiably relied; (5) that proximately caused the plaintiff's

injury.  *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).[2]

As noted above, under Rule 9(b), the Plaintiffs must allege (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud.  *Brooks v. Blue Cross and Blue Shield of Florida,* 116 F.3d 1364, 1380-81 (11th Cir. 1997).  The Plaintiffs' securities fraud claims against CGL fall short of this standard.

Plaintiffs "lump together" CFS and CGL in their allegations of fraud.  *Id*. at 1381.  Rule 9(b) does not allow a complaint to merely "lump" multiple defendants together but "require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud."  *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1439 (M.D. Fla.1998) (citation, quotation omitted). "Because fair notice is perhaps the most basic consideration underlying Rule 9(b), the plaintiff who pleads fraud must reasonably notify the defendants of their purported role in the scheme.  Therefore, in a case involving multiple defendants, the complaint should

---

[2] Assuming these five factors are adequately pled, a secondary entity, such as a CGL, can be primarily liable under Section 10(b) and Rule 10b-5 if the Plaintiffs show that the alleged misstatement or omission upon which they relied was publicly attributable to CGL at the time that they made their investment decision.  *Ziemba*, 256 F.3d at 1205 (citing *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 180 (1994) and *Wright v. Ernst & Young LLP*, 152 F.3d 169, 175 (2d Cir. 1998), *cert. denied*, 525 U.S. 1104 (1999)) (commonly characterized as the "bright line test").

inform each defendant of the nature of his alleged participation in the fraud." *Brooks*, 116 F.3d at 1381 (citations and quotations omitted). The SAC is devoid of specific allegations with respect to the CGL. Allegations this vague do not inform CGL of the specific fraudulent acts that constitute the basis of the action against CGL.

Because Plaintiffs fail to differentiate between CGL and CFS, and do not expressly allege any of the necessary elements of a securities fraud claim listed above as being committed by CGL, the SAC does not comply with Federal Rules of Civil Procedure 8(a),[3] 9(b), and the Private Securities Litigation Reform Act[4] and therefore fails on its face to state a primary violation of § 10(b) against CGL. In addition, Plaintiff's claim for control person liability under § 20(a) fails because there are no specific allegations of actual control by CGL over CFS, but only conclusory allegations.[5]

---

[3] Fed.R.Civ.P. 8 requires, at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests. *See e.g.*, *Medina v. Bauer*, No. 02-8837, 2004 WL 136636, at *6 (S.D.N.Y. Jan. 27, 2004) (by lumping all the defendants together and failing to distinguish their conduct, plaintiff's complaint failed to give adequate notice to defendants of what they did wrong).

[4] Under the Private Securities Litigation Reform Act, Plaintiffs must, "with respect to each act or omission alleged to violate [the Exchange Act], state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). This requirement applies to the scienter element of a Section 10(b) claim and requires that the defendant's intent "to deceive, manipulate, or defraud" be stated with particularity. *Bryant v. Avado Brands, Inc.* 187 F.3d 1271, 1281-82 (11th Cir. 1999).

[5] Plaintiffs argue that CGL is collaterally estopped from arguing that it is not liable as a control person because Judge Scheindlin in New York recently ruled in a case involving the same claims, the same core facts, and the same defendants as the instant case, that Plaintiffs had adequately alleged CGL's status as a control person of

The Court notes that while Plaintiffs' response is full of accusations of wrongdoing directed toward CGL, the paragraphs cited by Plaintiffs in support of these accusations only make generic references to the "Citco Defendants." DE 332 at 2. Particularly troubling is Plaintiffs' insistence that the NAV statements attached to the SAC were disseminated on joint CGL/CFS letterhead. SAC ¶¶ 9, 225.

The NAV statements attached to the SAC unambiguously indicate that they were sent by CFS, not CGL. SAC, Ex. L. The name "Citco Fund Services (Curacao) N.V." appears in the letterhead at the top of the page and on the signature line at the end of the document, along with the address and phone number of CFS's office in the Netherlands Antilles. *Id*. The name "The Citco Group Limited" does not appear anywhere on the attached NAV statements.[6]

Plaintiffs also improperly seek to rely in part on the Receiver's Complaint filed against CGL in another case, which is not a part of the record here. Plaintiffs are

---

CFS. *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of America Securities, LLC*, 446 F. Supp. 2d 163, 191 (S.D.N.Y. 2006). This argument is rejected. Although collateral estoppel does not require the entry of a final judgment as does the application of res judicata, it does require sufficient indicia of finality. *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1253 (11th Cir. 2006). This Court does not believe a ruling on a motion to dismiss carries sufficient indicia of finality for collateral estoppel to be applied.

[6] The word "Group" appears twice on the NAV statements. The first time is in the last sentence where a recipient who has questions is directed to contact the Citco Investor Relations Group. The other is on the bottom right hand corner of the documents where the recipient is told the location of Citco Group Affiliates. Neither of these references renders the letterhead on which the NAV statements were sent joint.

certainly aware that when a motion to dismiss is based on failure to state a claim, the Court must either limit itself to the allegations within the pleading or, at its discretion, treat the motion as one for summary judgment and provide adequate notice as required by Rule 56(c).[7]  Fed.R.Civ.P. 12(b); *Universal Express, Inc. v. U.S. S.E.C.*, No. 04-20481-CV-AJ, 2006 WL 1004381, *1 (11th Cir. 2006); *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (review of facial challenges is limited to the four corners of the complaint).

As a fallback, Plaintiffs argue that, despite the failure to satisfy the public attribution requirement, CGL is liable under § 10(b) pursuant to an agency theory.  This argument is rejected.  Plaintiffs do not invoke an agency theory or allege any facts demonstrating that CFS, Stocks or Verhooren were acting as CGL's agents when the NAV statements were issued.  The Plaintiffs cannot supplant the allegations of the SAC with new arguments set forth in their response to a motion to dismiss.  Furthermore, Plaintiffs cannot avoid the "publicly attributable" requirement with a conclusory allegation that CFS or the Citco Directors were acting as agents of CGL.

---

[7] Narrow exceptions include when considering a motion to dismiss in a securities fraud case, the Court may take judicial notice of the contents of relevant public documents that were required to be filed with the Securities Exchange Commission and were actually filed.  *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999).  The Court may also consider evidence outside the pleadings that is undisputedly authentic and on which plaintiffs specifically relied in the complaint.  *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n. 2 (11th Cir. 1999).  None of these exceptions are relevant to Plaintiffs reliance on a complaint filed by a non-party in another case.

**Pendant Common Law Claims**

In addition to their other claims, Plaintiffs also allege pendent state common law claims. Because the Plaintiffs are unable to allege that CGL undertook to provide, or actually performed, services for the Offshore Funds or that CGL engaged in communications with any investors, Plaintiffs simply cannot state either an intentional tort claim or negligence claim against CGL. As Plaintiffs have failed to allege that CGL owed any possible duty to the investors, the common law claims must also be dismissed.

## CONCLUSION

According to the findings made above, it is hereby

**ORDERED AND ADJUDGED** that The Citco Group Limited's Motion to Dismiss Plaintiffs' Consolidated Second Amended Securities Class Action Complaint [DE 315] is **GRANTED**. Plaintiffs' Consolidated Second Amended Securities Class Action Complaint directed against CGL is dismissed without prejudice. Although the Court does not believe Plaintiffs can replead in a way that states a claim for securities fraud against CGL, they should be given *one* additional opportunity to do so.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 27TH day of March, 2007.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
All counsel of record