UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 03-23044-Civ-MARRA

JOHN BRUHL, KEITH ROTMAN and
SCOTT MALTZ, individually and on
behalf of all others similarly situated

    Plaintiffs

vs.

PRICE WATERHOUSECOOPERS
INTERNATIONAL, et al

    Defendants.
_____/

## ORDER AND OPINION ON CITCO FUND SERVICES (CURACAO), N.V.'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon Defendant, Citco Fund Services (Curacao), N.V.'s ("CFS-Curacao") Motion to Dismiss Plaintiffs' Consolidated Third Amended Securities Class Action Complaint [DE 387]. This motion is fully briefed and ripe for review. The Court has carefully considered the motion, response, reply and is otherwise fully advised in the premises.

**Introduction**

    CFS-Curacao served as administrator to the Lancer Offshore Fund, Inc. ("Lancer Offshore") and the OmniFund, Ltd. ("OmniFund"), two British Virgin Islands hedge funds (collectively, the "Offshore Funds"). Pursuant to formal Administrative Service Agreements ("ASAs"), CFS-Curacao was to provide clerical and administrative services to the Offshore Funds, including maintaining the Funds' financial books and

records, processing subscriptions and redemptions, and computing the Net Asset Value ("NAV") of the Offshore Funds.  TAC ¶ 4.  Previously, CFS-Curacao filed a Motion to Dismiss addressed to Plaintiffs' Consolidated Second Amended Securities Class Action Complaint ("SAC").  On March 27, 2007, the Court granted in part and denied in part that motion.  *See* DE 376.  Specifically, the Court dismissed Plaintiffs' claims for breach of fiduciary duty, aiding and abetting, and professional malpractice, and also dismissed Plaintiffs' "holder" claims relating to the securities fraud and common law fraud counts.

     Subsequently, Plaintiffs filed a Third Amended Complaint ("TAC") in which they again allege a securities law violation and various common law claims.  *See* DE 380.  Plaintiffs once again attempt to allege claims for breach of fiduciary duty and aiding and abetting.  CFS-Curacao has filed its third motion to dismiss asserting Plaintiffs have failed to cure many of the deficiencies recognized by the Court in its March 27th Order with respect to their claim for breach of fiduciary duty as well as their claims for aiding and abetting fraud and breach of fiduciary duty.

**<u>Standard of Review</u>**

     In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007).  To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an

entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); *see also Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007); *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1964-65 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. at 1965.  Plaintiff must plead enough facts to state a plausible basis for the claim.  *Id*.

### Breach of Fiduciary Duty

In the prior Order and Opinion on Citco Fund Service (Curacao) N.V.'s Motion to Dismiss, the Court found "the allegations in the SAC fall far short of stating a claim that CFS owed a fiduciary duty to Plaintiffs."  *See* DE 376 at 19-20.  While Plaintiffs defended the SAC claiming that it alleged that they reposed trust and confidence in CFS-Curacao and its agents, and that CFS-Curacao readily accepted that trust and confidence, the Court could find no such allegations in the SAC.  Plaintiffs now believe they have properly plead breach of fiduciary duty by CFS-Curacao by alleging at paragraph 417 of the TAC:

> 417. Citco N.V. and IFS served as administrators of the Funds.  As such, they expressly undertook fiduciary and other obligations to provide various critical services to the Funds, including: (a) preparing and maintaining all customary financial and accounting books and records; (b) computing, independently verifying and disseminating the Funds' NAV information; (c) preparing, or causing to be prepared, and disseminating to shareholders the annual reports of the Funds, as well as quarterly reports regarding the NAV of the Funds; and (d) performing all other accounting and clerical services necessary in connection with the administration of the Funds.  These duties were set forth in the PPMs received by investors in the Offshore Funds, and caused those investors to repose trust and confidence in these Defendants, which trust and confidence these Defendants accepted.

TAC, ¶ 417.  Plaintiffs argue these allegations are sufficient under Fed.R.Civ.P. 8(a)(2), requiring only a short and plain statement of the claim showing that the pleader is entitled to relief.  "Plaintiffs have alleged that as a result of, among other things, private placement memoranda provided to them, setting out CFS-Curacao's obligations to them, Plaintiffs reposed trust and confidence in CFS-Curacao, and CFS-Curacao accepted that trust and confidence.  Under Florida law, this is all that is required to establish a fiduciary relationship."  DE 408 at 3.

Defendants respond that Fed.R.Civ.P. 8(a) does not obviate the need to allege facts in support of their cause of action for breach of fiduciary duty, and they persuasively assert that Plaintiffs have failed to add any substantive allegations to their TAC to support the labeling and conclusory statements made in this claim.  As the United States Supreme Court recently held, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1965.

As stated in previous orders, under Florida law, a fiduciary relationship is recognized when there is a showing of dependency by one party and some undertaking by the other party to advise, counsel and protect that party.  *Lanz v. Resolution Trust Corp.*, 764 F. Supp. 176, 179 (S.D. Fla. 1991).  A fiduciary relationship may be either express or implied.  *See Capital Bank v. MVB, Inc.*, 644 So.2d 515 (Fla. Dist. Ct. App. 1994).  Express fiduciary relationships are created by contract, such as principal/agent, or can be created by legal proceedings in the case of a guardian/ward.  *Id.*; *Maxwell v. First United Bank,* 782 So.2d 931, 933 -934 (Fla. Dist. Ct. App. 2001).  An implied fiduciary relationship may be found based on special circumstances surrounding the transaction and the relationship of the parties, *see Capital Bank.*, 644 So.2d at 519-20, and may be found when confidence is reposed by one party and a trust accepted by the other.  *Maxwell*, 782 So.2d at 933 -934; *Lanz*, 764 F. Supp. at 179.  In *Capital Bank*, the court held that "special circumstances" gave rise to a fiduciary duty where the defendant bank stepped out of its typical role as lender, had become an investment advisor to the plaintiff, and knew of the customer's trust and confidence under circumstances exceeding an ordinary commercial transaction.  *Capital Bank,* 644 So.2d at 520.

There being no contract between the Plaintiffs and CFS-Curacao, Plaintiffs seek to hold CFS-Curacao liable under an implied fiduciary relationship.  The new allegations in the TAC recite elements of confidence reposed and trust accepted, but the actions complained of do not indicate that CFS-Curacao stepped out of its

contractual role as administrator for the Funds or developed a special relationship and undertook a duty beyond those duties already assumed under the ASAs, to advise, counsel, protect, or benefit the Plaintiffs.  *American Honda Motor Co., Inc. v. Motorcycle Information Network, Inc.*, 390 F. Supp. 2d 1170, 1180 (M.D. Fla. 2005).

Plaintiffs were informed by the PPM that the Offshore Funds had entered into ASAs with CFS-Curacao, pursuant to which CFS-Curacao would be providing services for the Offshore Funds.  TAC, Exs. B, C, D.  Plaintiffs do not disagree that CFS-Curacao's duty to prepare and disseminate NAV statements to investors was a contractual duty set forth in the ASA.  TAC, Ex. E at 34.  The Plaintiffs do not allege that the PPM stated to investors that CFS-Curacao was undertaking any duty or services on their behalf.  CFS-Curacao's compliance with its contractual duties to prepare and furnish the NAV statements does not equate to the acceptance of a separate duty as to the Offshore Funds' investors.  *See Greenacre Props., Inc. v. Rao*, 933 So.2d 19, 26 (Fla. Dist. Ct. App. 2006) ("[w]e see nothing in the indirect relationship between an association's members and the agents performing the association's duties under a written contract that would create a fiduciary duty . . .").  No case law is cited to support the theory that by contracting to provide administrative services for the Offshore Funds, CFS-Curacao could be said to have entered into a fiduciary relationship with the investors.  "Conclusory allegations that a confidential or fiduciary relationship existed, without any supporting factual assertions, are insufficient" to state a claim for breach of an implied fiduciary duty.

*American Honda Motor Co.*, 390 F. Supp. 2d at 1180.  Since Plaintiffs have failed twice to state a claim for breach of fiduciary duty against CFS-Curacao, Plaintiffs' Tenth Claim for Relief against CFS-Curacao will be dismissed with prejudice.

**Aiding and Abetting**

In the prior Order and Opinion on Citco Fund Service (Curacao) N.V.'s Motion to Dismiss, the Court dismissed Plaintiffs' aiding and abetting causes of action on the grounds that the element or requirement of alleging substantial assistance by the aider and abettor in the achievement of the primary violation was not properly pled. *See* DE 376 at 21.  This Court likened CFS-Curacao's role in Lauer's fraud to the defendant law firm's role in *In re Cascade Int'l Sec. Litig.*, 840 F.Supp. 1558, 1566 (S.D. Fla. 1993).  In *In re Cascade*, the standard of substantial assistance was not met because "the law firm . . . did not actively participate in the fraud."

In their Eleventh and Twelfth Claims for Relief, Plaintiffs again attempt to bring two claims against CFS-Curacao for aiding and abetting liability: aiding and abetting common law fraud (TAC ¶¶ 424-432) and aiding and abetting the Director Defendants' and Lauer's breach of fiduciary duty (TAC ¶¶ 433-440).  Defendants argue that the TAC fails to cure the deficiencies found to exist in the SAC.  This time the Court is of the opinion that Plaintiffs have adequately pled the element of substantial assistance with regard to the claims against CFS-Curacao for aiding and abetting fraud and the Director Defendants' and Lauer's breach of fiduciary duty.

In defense of their claims, Plaintiffs quote from 25 paragraphs in the TAC that they argue adequately state claims for both aiding and abetting counts by showing that CFS-Curacao was essential to the fraud and breaches of fiduciary duty because they provided the appearance of propriety required to induce investors to place their money with Lancer.  TAC ¶¶ 2, 9, 46, 48, 53, 86, 87, 104, 105, 107-109, 142, 269-77, 283-85, 287.[1]  "Damningly, [CFS-Curacao] issued the NAVs and other statements in support of Lancer and its valuations knowing that these valuations w[ere] unquestionably inflated. . . Were it not for [CFS-Curacao's] mailing out of NAV statements with [its] imprimatur, Plaintiffs would not have invested with Lancer, and the scheme would never have succeeded."  DE 408 at 8-9.

The question of substantial assistance requires an analysis of the kind of assistance CFS-Curacao allegedly offered to Lauer or the Director Defendants. Underlying the "substantial assistance" prong is a single scienter requirement that varies on a sliding scale from "recklessness" to "conscious intent."  *Abbott v. Equity Group, Inc.*, 2 F.3d 613, 621 (5th Cir. 1993).  When no duty of disclosure is alleged, an alleged aider-abettor may be found liable only if scienter of the high "conscious

---

[1] For example, it is alleged that CFS-Curacao and the Director Defendants communicated fraudulent NAV figures to shareholders via monthly NAV Statements, knowing that the NAV figures had no basis in reality.  These statements also contained materially false information about the Funds' holdings and the performance of their portfolio companies.  In so doing, CFS-Curacao and the Director Defendants endorsed those valuations to Plaintiffs as independently verified.  TAC ¶ 9, 108.

intent" variety can be shown.  *Woodward v. Metro Bank of Dallas*, 522 F.2d 84, 97 (5th Cir. 1975).  If it is alleged that a defendant has a duty to disclose, liability could be imposed if he acts with a lesser degree of scienter.  *Woods v. Barnett Bank of Ft. Lauderdale*, 765 F.2d 1004, 1010 (11th Cir. 1985).  When an allegation combines inaction with affirmative assistance, the degree of knowledge required depends upon how ordinary the assisting activity is in the involved businesses.  *Id.*

On its own review, the Court could not find an allegation against CFS-Curacao regarding a duty to disclose.  Nor has it been argued that CFS, as an alleged "Administrator, Registrar and Transfer Agent," is specially imposed with a duty to disclose because of a special relationship of trust vis-a-vis the public.  *See Rudolph v. Arthur Andersen & Co.*, 800 F.2d 1040, 1043-44 (11th Cir. 1986).  Accordingly, the Court will evaluate these counts solely by whether they allege "high conscious intent" and a "conscious and specific motivation" to aid the fraud.  *Schatz v. Rosenberg*, 943 F.2d 485, 496 (4th Cir. 1991) (citing *Woodward*, 522 F.2d at 97); *Abell v. Potomac Ins. Co.*, 858 F.2d 1104, 1126-27 (5th Cir. 1988); *In re Enron Corp. Securities, Derivative & "ERISA" Litigation*, MDL No. 1446, 2005 WL 5784354, *28 (S.D. Tex. Feb. 16, 2005).

High Conscious Intent

Reviewing the circumstances presented in the TAC, it is alleged that

- CFS-Curacao was under a contractual obligation to independently evaluate the NAVs of the Offshore Funds;

- CFS-Curacao, knowing that Lauer had provided it with bogus valuations,

> disseminated statements containing false and overstated NAVs which CFS-Curacao endorsed as independently verified;

- all the while CFS-Curacao knew investors would rely upon its statements in purchasing shares of the Funds.

TAC ¶¶ 2, 9, 46, 107-108, 142, 428.  On the whole, allegations such as those made above suggest that CFS-Curacao had a high conscious intent and specific motivation to aid the fraud.  Plaintiffs have adequately alleged the element of substantial assistance and the motion to dismiss Plaintiffs' aiding and abetting causes of action for failure to allege substantial assistance will be denied.

## Conclusion

In accordance with the findings above, it is hereby

ORDERED AND ADJUDGED that Defendant, Citco Fund Services (Curacao), N.V.'s ("CFS-Curacao") Motion to Dismiss Plaintiffs' Consolidated Third Amended Securities Class Action Complaint  [DE 387] is GRANTED in part and DENIED in part. Plaintiffs' Tenth Claim for Relief as to CFS-Curacao is dismissed with prejudice. Plaintiffs may proceed on their Eleventh and Twelfth Claims for Relief.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 31st day of March, 2008.

KENNETH A. MARRA
United States District Judge

copies to:
All counsel of record