UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 03-23044-Civ-MARRA

JOHN BRUHL, KEITH ROTMAN and
SCOTT MALTZ, individually and on
behalf of all others similarly situated

    Plaintiffs

vs.

PRICE WATERHOUSECOOPERS
INTERNATIONAL, et al

    Defendants.
_____/

**ORDER AND OPINION ON CITCO DIRECTORS'
MOTION TO DISMISS THIRD AMENDED COMPLAINT**

**THIS CAUSE** is before the Court upon Defendants Kieran Conroy, Declan Quilligan, Anthony J. Stocks and John M.S. Verhooren's Motion to Dismiss Plaintiffs' Consolidated Third Amended Securities Class Action Complaint [DE 391]. This motion is fully briefed and ripe for review. The Court has carefully considered the motion, response, reply and is otherwise fully advised in the premises.

<u>Introduction</u>

Previously, Defendants Kieran Conroy, Declan Quilligan, Anthony J. Stocks and John M.S. Verhooren (the "Director Defendants") filed a Motion to Dismiss addressed to Plaintiffs' Consolidated Second Amended Securities Class Action Complaint ("SAC"). On March 27, 2007, the Court granted in part and denied in part that motion. *See* DE 375. Specifically, the Court dismissed Plaintiffs' § 20(a) "control

person" claim, their "holder" claims, and their aiding and abetting fraud and breach of fiduciary duty claims

Subsequently, Plaintiffs filed a Third Amended Complaint ("TAC") in which they again allege a securities law violation and various common law claims.  *See* DE 380.  The TAC no longer contains a claim for a § 20(a) violation against the Director Defendants, and Plaintiffs advised the Court that they have dropped their holder claims.[1]  Plaintiffs once again attempt to allege claims for aiding and abetting fraud and aiding and abetting breach of fiduciary duty.  The Director Defendants have filed their third motion to dismiss asserting Plaintiffs have failed to remedy the infirmities contained in the SAC with respect to the claims for aiding and abetting fraud and breach of fiduciary duty.

**Standard of Review**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007).  To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what

---

[1] *See* Notice Regarding Third Amended Complaint.  DE 379.  To the extent that language referring to holder claims remain in the TAC, Plaintiffs represent to the Court that they will correct the TAC at a later date.  DE 408, n.3.

the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); *see also Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (2007); *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. at 1964-65 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 1965.  Plaintiff must plead enough facts to state a plausible basis for the claim.  *Id.*

### Aiding and Abetting

In the prior Order and Opinion ruling on the Director Defendants' Motion to Dismiss, the Court dismissed Plaintiffs' aiding and abetting causes of action on the ground that the SAC failed to adequately allege facts to support the element of substantial or affirmative assistance in Lauer's "marking the close" stock price manipulation scheme.  *See* DE 375 at 24-25.

In their Twentieth and Twenty-First Claims for Relief, Plaintiffs again attempt to bring two claims against the Director Defendants for aiding and abetting liability: aiding and abetting common law fraud (TAC ¶¶ 497-504) and aiding and abetting Lauer's breach of fiduciary duty (TAC ¶¶ 505511).  Director Defendants argue that the

TAC fails to cure the deficiencies found to exist in the SAC.  This time the Court is of the opinion that Plaintiffs have adequately pled the element of substantial assistance with regard to the claims against the Director Defendants for aiding and abetting fraud and aiding and abetting Lauer's breach of fiduciary duty.

In defense of their claims, Plaintiffs quote from 25 paragraphs in the TAC that they argue adequately state aiding and abetting claims.  These paragraphs allege that the Director Defendants were essential to Lauer's fraud and breaches of fiduciary duty because they provided the appearance of propriety required to induce investors to place their money with Lancer.  TAC ¶¶ 2, 9, 46, 48, 53, 86, 87, 104, 105, 107-109, 142, 269-77, 283-85, 287.[2]  "Damningly, [the Director Defendants] issued the NAVs and other statements in support of Lancer and its valuations knowing that these valuations w[ere] unquestionably inflated. . . Were it not for [the Director Defendants'] mailing out of NAV statements with their imprimatur, Plaintiffs would not have invested with Lancer, and the scheme would never have succeeded."  DE 408 at 8-9.

---

[2] For example, it is alleged that CFS and the Director Defendants communicated fraudulent NAV figures to shareholders via monthly NAV Statements, knowing that the NAV figures had no basis in reality.  These statements also contained materially false information about the Funds' holdings and the performance of their portfolio companies.  In so doing, CFS and the Director Defendants endorsed those valuations to Plaintiffs as independently verified.  TAC ¶ 9, 108.

The question of substantial assistance requires an analysis of the kind of assistance the Director Defendants allegedly offered to Lauer.  Underlying the "substantial assistance" prong is a single scienter requirement that varies on a sliding scale from "recklessness" to "conscious intent."  *Abbott v. Equity Group, Inc.*, 2 F.3d 613, 621 (5th Cir. 1993).  When no duty of disclosure is alleged, an alleged aider-abettor may be found liable only if scienter of the high "conscious intent" variety can be shown.  *Woodward v. Metro Bank of Dallas*, 522 F.2d 84, 97 (5th Cir. 1975).  If it is alleged that a defendant has a duty to disclose, liability could be imposed if he acts with a lesser degree of scienter.  *Woods v. Barnett Bank of Ft. Lauderdale*, 765 F.2d 1004, 1010 (11th Cir. 1985).  When an allegation combines inaction with affirmative assistance, the degree of knowledge required depends upon how ordinary the assisting activity is in the involved businesses.  *Id.*

<u>Duty to Disclose Plus Recklessness</u>

An affirmative duty to disclose material information has been traditionally imposed on corporate insiders, particularly officers and directors.  Courts have consistently held that insiders must disclose material facts which are known to them by virtue of their position but which are not known to persons with whom they deal and which, if known, would affect their investment judgment. *Chiarella v. U. S.*, 445 U.S. 222, 227 (1980).  Accordingly, the Court finds that by virtue of their positions as Directors of the Offshore Funds, a duty to disclose has been alleged against the Director Defendants.

The Plaintiffs have also satisfied the requirement that it be alleged that the Director Defendants acted with recklessness.  In their claims for aiding and abetting, it is alleged, among other things,

- that the Director Defendants knew that Lauer owed fiduciary obligations to the Plaintiffs, and that Lauer was breaching those obligations;

- that the Director Defendants knew that the information being disseminated by Lauer was fraudulent and that such information would be relied upon by investors;

- that the Director Defendants allowed Lauer to disseminate the fraudulent monthly statements and performance reports, failed to verify that the NAVs were consistent with market value, and failed to conduct any independent valuation of the Funds' portfolio;

- that the Director Defendants' promises to investors regarding their independent verification of Lauer's valuations lulled investors into a false sense of security which substantially assisted Lauer in perpetrating the fraud by inducing investors to put more money under his control; and

- that such conduct was purposeful and malicious, or reckless, and departed in the extreme from the norms expected of fund directors.

TAC ¶¶ 497-510.  On the whole, the allegations suggest a higher degree of scienter than mere recklessness.  Plaintiffs have adequately alleged the element of substantial assistance and the motion to dismiss Plaintiffs' aiding and abetting causes of action

for failure to allege substantial assistance will be denied.

**Conclusion**

In accordance with the findings above, it is hereby

ORDERED AND ADJUDGED that Defendants Kieran Conroy, Declan Quilligan, Anthony J. Stocks and John M.S. Verhooren's Motion to Dismiss Plaintiffs' Consolidated Third Amended Securities Class Action Complaint  [DE 391] is DENIED.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 31st day of March, 2008.

KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record