UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 03-23044-Civ-MARRA/JOHNSON

JOHN BRUHL, KEITH ROTMAN and
SCOTT MALTZ, individually and on
behalf of all others similarly situated

    Plaintiffs

vs.

PRICE WATERHOUSECOOPERS
INTERNATIONAL, et al

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendants', The Citco Group Limited, Citco Fund Services (Curacao), N.V., Kieran Conroy, Declan Quilligan, Anthony J. Stocks and John M.S. Verhooren ("Citco Defendants") Objections to Magistrate Judge's Order Denying Defendants' Motion For Protective Order [DE 566]. The Citco Defendants appeal from Magistrate Judge Linnea R. Johnson's Order entered on June 11, 2008, which denied without prejudice the Citco Defendants' Motion for Protective Order. *See* DE 560. The Court has carefully considered Judge Johnson's Order, the objections, response, and reply, and is otherwise fully advised in the premises.

The Citco Defendants filed a Motion For Protective Order (DE 548) before this Court after Plaintiffs served a subpoena on the attorney for the plaintiffs in *The Pension Committee of the University of Montreal, et al., v. Banc of America*

*Securities, LLC, et al.*, Case No. 05-cv-9016 (S.D. N.Y.) (the "Group Action").  The subpoena sought copies of all deposition transcripts and exhibits thereto taken of any Citco-related witness and other witnesses in the Group Action.  The subpoena was captioned with the style of this case and issued out of the United States District Court for the Southern District of New York.

In her *Order Denying Defendants' Motion For Protective Order* [DE 560] Judge Johnson concluded, after much discussion of the import of prior orders related to discovery, that "Defendants have failed to present this court with a proper Motion in accordance with Judge Marra's May 7, 2008 Order.  As a result, the undersigned cannot entertain adjudication of the protection sought by them.  Furthermore, Plaintiffs do not appear to have taken the proper steps to obtain relief from the United States District Court for the Southern District of New York in the Group Action." DE 560 at 8.  On June 23, 2008, the Citco Defendants filed the instant objections.

Citco Defendants argue this Court should grant a protective order with respect to the subpoena served on counsel for the Group Action plaintiffs because (1) this Court has previously held that the Class Plaintiffs are not entitled to seek wholesale access to all documents produced in the Group Action and that the Citco Defendants are entitled to object to the production of certain of these documents; (2) the subpoena is an improper attempt to take the discovery issues germane to this lawsuit away from this Court and allow a New York federal judge to decide the discovery

issues in this case; (3) Class Action Plaintiffs have made no attempt to intervene in the Group Action or otherwise seek modification of the Confidentiality Order in the Group Action; (4) the subpoena improperly seeks documents which constitute premature merits discovery; and (5) the Confidentiality Order in the Group Action prohibits the disclosure of the deposition transcripts and exhibits.  The Court rejects Citco Defendants' contentions.

**Intent of Prior Ruling**

Citco Defendants argue that "Class Plaintiffs are blatantly attempting to circumvent this Court's Orders by attempting to obtain from another source materials that this Court has already held that the Class Plaintiffs are not entitled to obtain from the Citco Defendants" (DE 548 at 3).  They further assert that this Court has previously held that the appropriate way to proceed is to propound a targeted request for production in this case and permit objections to be heard by this Court (DE 576 at 2), Citco Defendants misconstrue the meaning of the Court's Omnibus Order (DE 529).

The main point of the Omnibus Order was that Class Plaintiffs were not entitled to unfettered wholesale access to all discovery produced in the Group Action without a prior judicial determination on objections.  This Court never claimed exclusive jurisdiction over this discovery issue, nor did it seek to usurp the authority of other courts to hear matters properly brought before them.

Class Plaintiffs did not act improperly by serving a subpoena issued out of the

Southern District of New York pursuant to Rule 45.  Rule 45(a)(2)(C) provides that a subpoena for the production of documents, if separate from a deposition subpoena, must issue from "the court for the district where the production or inspection is to be made."  Under Rule 45(c)(3), the authority to quash, modify, or condition a subpoena resides in "the court by which a subpoena was issued."  The court that issued the subpoena is the Southern District of New York.  Procedurally, that is where the instant motion belongs.

This Court's statement in the Omnibus Order that "the Citco Defendants are entitled to assert their objections and have a judicial determination of whether 'particular discovery materials in [the Group Action] would be immune from eventual discovery in [this case], either by irrelevance or privilege,'" was not an assertion of exclusive jurisdiction to make those determinations.  This is apparent from the Court's statement that "[i]f Plaintiffs were to proceed before the court in which the Group Action is pending, that court would have to make the same determinations of relevance or privilege."  DE 529 at 5, n.1.

The critical issue which the Omnibus Order sought to address was the ability of Citco Defendants to have their objections considered and ruled upon - not the particular court which entertained those objections.  Citco Defendants rely upon the portion of the Order which stated, "[t]o the extent Plaintiffs are proceeding before this Court, then this Court must make that determination" to argue that only this Court should consider discovery issues.  Citco Defendants misread the Court's Order.

The initial clause to that sentence refers to the forum in which Plaintiffs were seeking relief.  That language was used as recognition of the fact that Class Plaintiffs could intervene in the Group Action in New York.  If Class Plaintiffs had served the subpoena in this district, this Court would consider the objections.  Since the subpoena was issued by the Southern District of New York pursuant to Rule 45, the Citco Defendants have the right to have a judicial determination of the propriety of the subpoena and any objections thereto made in the Southern District of New York.

If the New York Court does not wish to address certain issues which it believes are more appropriately suited for this Court, the New York Court is free to defer ruling on such matters.  If and when these issues are properly brought before this Court, this Court will address them.

Therefore, in accordance with the discussion above, it is hereby

**ORDERED AND ADJUDGED** that Defendants', The Citco Group Limited, Citco Fund Services (Curacao), N.V., Kieran Conroy, Declan Quilligan, Anthony J. Stocks and John M.S. Verhooren Objections to Magistrate Judge's Order Denying Defendants' Motion For Protective Order [DE 566] are OVERRULED and Magistrate Judge Johnson's

Order Denying Defendants' Motion for Protective Order [DE 560] is AFFIRMED.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of July, 2008.

KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record
Magistrate Judge Linnea R. Johnson