UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 03-23044-Civ-MARRA

JOHN BRUHL, KEITH ROTMAN and
SCOTT MALTZ, individually and on
behalf of all others similarly situated

       Plaintiffs

vs.

PRICE WATERHOUSECOOPERS
INTERNATIONAL, LIMITED,
PRICEWATERHOUSECOOPERS
(NETHERLANDS ANTILLES),
THE CITCO GROUP LIMITED,
CITCO FUND SERVICES (CURACAO),
N.V., KIERAN CONROY, DECLAN
QUILLIGAN, ANTHONY J. STOCKS,
JOHN M.S. VERHOOREN, JOHN W.
BENDALL, JR., RICHARD GEIST,
INTERNATIONAL FUND SERVICES
(IRELAND) LIMITED, BANC OF
AMERICA SECURITIES, LLC,
GOLDSTEIN GOLUB KESSLER LLP,
and AMERICAN EXPRESS TAX
AND BUSINESS SERVICES

       Defendants.

_____/

**FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE**
**AS TO DEFENDANTS PRICEWATERHOUSECOOPERS INTERNATIONAL LIMITED**
**AND PRICEWATERHOUSECOOPERS (NETHERLAND ANTILLES)**

Plaintiffs, individually and as Class Representatives, and Defendants

PricewaterhouseCoopers (Netherlands Antilles), a Netherlands Antilles civil

partnership formed by limited liability companies incorporated under Netherlands

Antilles law ("PwC NA"), and PricewaterhouseCoopers International Limited, a private

limited liability membership based company organized under the laws of England and Wales ("PwC IL"), having agreed to a settlement of this action (the "Action") as between them as reflected in a Stipulation and Agreement of Settlement dated June 29, 2007 (the "Stipulation"); the Court having entered its Order of Preliminary Approval of the Settlement on October 22, 2008 (the "Preliminary Approval Order"), directing that notice of the proposed settlement be mailed to the Settlement Class and to the investors in Partners (defined below) and published, and scheduling a Hearing to determine whether:  (i) the Settlement Class meets all requirements of, and should be certified under Rule 23, Fed. R. Civ. P., for purposes of the proposed Settlement; (ii) the proposed Settlement should be approved as fair, reasonable, and adequate; (iii) the Plan of Allocation of the Settlement Fund should be approved; and (iv) Class Plaintiffs' application for attorneys' fees and expenses should be approved; said notice having been given; a hearing having been held on  December 19, 2008, at which all interested persons were given an opportunity to be heard; and the Court having read and considered all submissions in connection with the proposed Settlement and having reviewed the pleadings and files herein, the Court finds and concludes that:

A.     The Action is brought on behalf of a class of all securities purchasers and/or holders of shares of Lancer Partners L.P. ("Partners"), Lancer Offshore, Inc. ("Offshore") and The OmniFund Ltd. ("OmniFund," together with Offshore, the "Funds") during the period of September 3, 1998 through, and including, July 8, 2003 (the

"Class Period"), with certain exceptions set forth in paragraph 3, below.  OmniFund

refers herein to, and includes both, The Orbiter Fund, Ltd. and the Viator Fund Ltd.

However, Co-Lead Plaintiffs, individually and as Class Representatives, acknowledge,

based in part on representations by PwC NA and PwC IL, that the securities

purchasers and/or holders of shares of Partners (the "Partners Investors") have no

legally cognizable claims in the Action arising from their investment in Partners

against PwC NA, PwC IL, or the other Settling Defendants (defined below) because

they had no involvement in the audits of Partners at issue in the Action.

B.      The defendants currently named in the Action are: PwC IL; PwC NA; The

Citco Group Limited; Citco Fund Services (Curacao), N.V.; Kieran Conroy; Declan

Quilligan; Anthony J. Stocks; John M.S. Verhooren; John W. Bendall, Jr.; Richard

Geist; International Fund Services (Ireland) Limited; Goldstein Golub Kessler LLP; and

American Express Tax and Business Services (the "Defendants").

C.      The Third Amended and Consolidated Complaint (the "Complaint") in the

Action generally alleges, among other things, that during the Class Period, the

Defendants intentionally, or in reckless disregard of the true facts, issued materially

false and misleading statements to investors regarding the value of the Funds and the

Funds' financial condition, in violation of Sections 10(b) and 20(a) of the Securities

Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 promulgated thereunder, as

well as state common law prohibiting fraud, breach of fiduciary duty, aiding and

abetting fraud and breach of fiduciary duty, negligence, negligent misrepresentation,

and professional malpractice.  Specifically, PwC NA and PwC IL are alleged to have issued false and misleading audit opinions and audited financials to investors in the Funds in violation of Sections 10(b) and 20(a) of the Exchange Act and to have committed or aided and abetted common law fraud.  PwC NA and PwC IL are also alleged to have aided and abetted breaches of fiduciary duties owed to investors in the Funds, to have made negligent misrepresentations to investors in the Funds and to have committed professional malpractice by the manner in which they audited the financial statements of the Funds.  PwC NA and PwC IL deny each and every claim alleged against them.

D.     On or about July 8, 2003, the Securities and Exchange Commission ("SEC") filed an enforcement action against the Funds, their managers and their founder, Michael Lauer ("Lauer") captioned SEC v. Lauer, et al., Case No. 03-80612 (S.D. Fla.) in the United States District Court for the Southern District of Florida as well as Partners, which was a debtor-in-possession under Chapter 11 of the Bankruptcy Code before the United States Bankruptcy Court for the District of Connecticut.  On or about July 10, 2003, Chief Judge William J. Zloch of the United States District Court for the Southern District of Florida, Miami Division, ordered the appointment of Marty Steinberg, as Court-appointed receiver (the "Receiver"), to take possession of the property, assets and estates of certain Lancer Entities, to conduct an investigation and institute certain legal proceedings on behalf of the entities placed into receivership as well as their investors and creditors, and to take certain

other enumerated actions (the "Receivership").[1]

E.      On April 16, 2003, prior to the Receivership, Lauer initiated a Chapter
11 proceeding captioned In re Lancer Partners L.P., No. 03-50492 (D. Conn.) (the
"Bankruptcy Proceeding"), before the United States Bankruptcy Court for the District
of Connecticut.

F.      In September 2003, Co-Lead Plaintiff Bruhl commenced the initial action
captioned Bruhl v. PricewaterhouseCoopers Int'l Ltd., et al., No. 03-6644 (S.D.N.Y.)
(the "Bruhl Action"), in the United States District Court for the Southern District of
New York.  On December 17, 2003, Judge Charles S. Haight, granted Bruhl's motion to
be appointed lead plaintiff of a class, and for the appointment of his counsel,
Labaton Sucharow LLP ("Labaton Sucharow"), as lead counsel for a class.  On
November 17, 2003, Kozyak Tropin & Throckmorton, P.A. ("Kozyak Tropin"), on behalf
of Co-Lead Plaintiff Rotman, filed a class action captioned Rotman v.
PricewaterhouseCoopers Int'l Ltd., et al., No 03-23044 (S.D. Fla.) (the "Rotman
Action"), in the United States District Court for the Southern District of Florida.  The
Rotman Action asserted claims based on the same transactions as the Bruhl Action,

---

[1]  "Lancer Entities," for the purposes of the Settlement, includes Lancer
Management Group, LLC, Lancer Offshore, Inc., The Omnifund, Ltd., LSPV, Inc., G.H.
Associates, LLC, Alpha Omega Group, Inc., CLR Associates, LLC, LSPV, LLC and Lancer
Management Group II, LLC exclusively.  Although Lancer Partners, L.P. is named in
the SEC action as a Relief Defendant, it is being liquidated in a Chapter 11 proceeding
pending before the United States Bankruptcy Court for the Southern District of
Florida (the "Bankruptcy Court"), and is not part of the Settlement.  For the purposes
of the Settlement, Partners is not included in "Lancer Entities."

and against many of the same defendants.  Labaton Sucharow and Kozyak Tropin have been appointed Co-Lead Counsel to the proposed class in the Bruhl Action.

G.      On January 8, 2004, Chief Judge Zloch issued an order (the "Case Management Order") that, among other things, contained a channeling injunction that ordered that all actions with respect to the Funds be transferred to or filed in the United States District Court for the Southern District of Florida (the "Court") for coordination with the Receivership, and that a steering committee of counsel be created.

H.      On or about February 12, 2004, a non-class action by a group of investors in the Funds, captioned The Pension Committee of the University of Montreal Pension Plan, et al. v. Banc of America Securities, LLC, et al., No. 04-60196 (S.D. Fla.) (the "Group Action"), was filed by counsel for this group of investors ("Group Counsel") in the United States District Court for the Southern District of Florida.

I.      Pursuant to the Case Management Order, the Bankruptcy Proceeding was transferred to this Court, Case No. 04-80211 (S.D. Fla.), on about March 5, 2004.  The Bankruptcy Proceeding has since been referred to the Bankruptcy Court by this Court.

J.      Shortly thereafter, Co-Lead Plaintiff Bruhl made a motion to transfer the Bruhl Action to this Court, which was granted by Judge Haight on or about March 10, 2004.  On July 16, 2004, the Bruhl Action was consolidated with the Rotman Action before Judge Kenneth Marra (the consolidated action being the Action). Pursuant to the Case Management Order, a steering committee was thereafter

formed and included attorneys for the Receiver and the Co-Lead Plaintiffs, among others.

K.      The Receiver filed an action on December 2, 2004 in the United States District court for the Southern District of Florida captioned Court–Appointed Receiver of Lancer Offshore, Inc. and The OmniFund, Ltd. v. PricewaterhouseCoopers (Netherlands Antilles), et. al, Case No. 04-23023-CIV-Marra (the "Receiver Action"). The Receiver Action is brought against PwC NA, PwC IL, Andre Steffen, Gino Nivillac and Liliana Garcia (collectively, the "Settling Defendants") for, among other things, negligence, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty.  The Settling Defendants deny each and every claim alleged against them in the Receiver Action.

L.      Between October 2004 and August 2006, motions to dismiss the Action were filed by Defendants then named in the Action.  Additionally, PwC NA moved to transfer the Action to the Southern District of New York.  The defendants in the Group Action made similar motions.

M.      During the pendency of the motions in the Group Action and the Action, however, counsel for the Settling Defendants ("Settling Defendants' Counsel") and Group Counsel commenced settlement discussions.

N.      In or about April 2005, Settling Defendants' Counsel and Group Counsel agreed upon the terms of a proposed settlement of the claims against PwC NA in the Group Action, which were set forth in an extensive term sheet.  In or about May 2005,

that proposal was presented to counsel for the Receiver and counsel for the Co-Lead Plaintiffs (the "Co-Lead Counsel"), who were asked to consider having their clients join in the settlement, since the Term Sheet contemplated a settlement which included both the Receiver Action and the Action (the "Settlement").

O.     In the meantime, pursuant to an order of this Court dated September 30, 2005, the Group Action was transferred to the United States District Court for the Southern District of New York, where it is presently before Judge Shira A. Scheindlin, as Case No. 05-CIV-09016 (S.D.N.Y.).

P.     After months of negotiation, the Receiver and Class Counsel (defined in the Stipulation) agreed to join in the Settlement on the terms set forth in the Term Sheet and after conducting discovery as described below the Receiver and Class Counsel subsequently agreed to execute the Stipulation.  The Settlement was subject to discovery to confirm the representation at paragraph 2.B. of the Term Sheet, among other things.

Q.     In accordance with the Term Sheet, the motions to dismiss filed by PwC NA and by PwC IL in the Action were subsequently withdrawn without prejudice, pending approval of the Settlement.

R.     After executing the Term Sheet, but before executing the Stipulation, the Receiver, Class Counsel and the Group Counsel engaged in discovery as permitted by the Term Sheet.

S.     This discovery, coupled with the investigations conducted by the Receiver, Counsel for the Receiver, Group Counsel and Co-Lead Counsel, led Co-Lead Plaintiffs and the Receiver to conclude that: (1) the representation at paragraph 2.B. of the Term Sheet was accurate; (2) PwC IL appears to have had no involvement in the audits at issue, and thus it was unlikely that the Receiver's and Co-Lead Plaintiffs' further prosecution of their respective actions against PwC IL would have resulted in a greater recovery against that entity; (3) PricewaterhouseCoopers LLP, a Delaware limited liability partnership ("PwC US"), an entity with significant financial wherewithal and a Released Person (defined below), appears to have had minimal involvement in, and therefore would have minimal liability for, the audits in issue; and (4) PwC NA, the entity which performed the audits in issue, had limited finances, insurance and assets with which to satisfy a judgment that might have been entered against it.

T.     PwC NA has represented that it did not perform the audits of Partners. PwC IL has represented that it did not perform the audits of Partners.

U.     Moreover, Group Counsel supplied the Receiver and Co-Lead Counsel with information which indicated that the Group Action Plaintiffs (defined in the Stipulation) suffered a substantial amount of the damages incurred by the class as pled in the Complaint, as measured by the net invested capital method.

V.     Based upon counsel's discovery and investigation and after further negotiations, the Counsel for the Receiver, Class Counsel and Settling Defendants'

counsel entered into the Stipulation.

W.      The Settling Defendants have denied and continue to deny any

wrongdoing.  This Judgment and any proceedings relating to the Settlement or any of

the terms of the Settlement, shall in no event be construed as or deemed to be

evidence of or an admission or concession on the part of the Settling Defendants with

respect to any claim or of any fault or liability or wrongdoing or damage, or any

infirmity in any defense that the Settling Defendants have or could have asserted.

The Settling Defendants entered into the Stipulation solely to eliminate the

uncertainty, burden and expense of further litigation.

X.      The Receiver, Co-Lead Plaintiffs and Co-Lead Counsel also took into

account the uncertain outcome and the risk of any litigation, especially in complex

actions such as the Receiver Action and the Action, as well as the difficulties and

delays inherent in such litigation.

Y.      The Court preliminarily approved the Settlement as fair, reasonable,

and adequate in its Preliminary Approval Order, and directed that notice of the

proposed Settlement be given to the Settlement Class and the Partners Investors and

that a Hearing be held to consider final approval of the Settlement.  The Preliminary

Approval Order also conditionally appointed Plaintiffs as Settlement Class

Representatives and certified for purposes of the Settlement only a Settlement Class,

defined as follows:

All persons or entities that purchased or held shares and/or interests in the Funds during the Class Period (defined above) and were damaged thereby.  Excluded from the Settlement Class are: (1) defendants in the Action, the Receiver Action and the Group Action; (2) the Released Persons; (3) any putative Settlement Class Member who excludes himself from the Settlement Class by filing a timely request for exclusion in accordance with the requirements set forth in the Notice; (4) the Group Action Plaintiffs; (5) Lauer; and (6) any of the Lancer Entities or their former employees.

Z.     In accordance with the Stipulation and the Preliminary Approval Order,

Class Counsel and the Receiver caused to be mailed to the members of the

Settlement Class and the Partners Investors a Notice of Pendency of Class Action and

of Partial Settlement, October 24, 2008, and caused to be published once in the

Investor's Business Daily on November 6, 2008, a Summary Notice of Pendency and

Partial Settlement of Class Action.  The Notice and Summary Notice gave members of

the Settlement Class and the Partners Investors notice of the Hearing and of the

opportunity to object to the Settlement, and gave members of the Settlement Class

the opportunity to request exclusion from the Settlement Class.

AA.     The Notice and Summary Notice provided to the members of the

Settlement Class and the Partners Investors constituted the best notice practicable

under the circumstances, and included individual notice to all members of the

Settlement Class and the Partners Investors identified by reasonable efforts.  The

affidavits and declarations of mailing filed with this Court on December 4, 2008,

demonstrate that this Court's Preliminary Approval Order has been complied with,

and that the best notice practicable under the circumstances was in fact given and

constituted valid, due and sufficient notice to the members of the Settlement Class and the Partners Investors, complying fully with due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21(D)(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995.

BB.     The Plaintiffs, individually and as representatives of the Settlement Class, the Receiver, PwC NA and PwC IL have applied to the Court for approval of the Settlement and for the entry of this Judgment.  Pursuant to the Notice and Summary Notice, and upon notice to all parties, a Hearing was held before this Court on December 19, 2008 to consider whether the Settlement should be approved by this Court as fair, reasonable, and adequate, to approve the Plan of Allocation of the Settlement Fund (defined in the Stipulation), and to consider an award of attorneys' fees and expenses to Counsel.  Members of the Settlement Class and the Partners Investors were given notice and the opportunity to appear personally to object to the Settlement.  Members of the Settlement Class also were given the opportunity to exclude themselves from the Settlement Class.  The Court has received and considered all written and oral submissions of interested parties.

CC.     Approval of the Settlement will result in substantial savings in time and money to the Court and the litigants and will further the interests of justice.

DD.     The Settlement is the product of good faith arm's-length negotiations by the parties thereto.

NOW THEREFORE, UPON CONSIDERATION OF THE FOREGOING, THE FILINGS IN THIS ACTION, AND THE ENTIRE RECORD, AND GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.     The definitions set forth in the Stipulation are incorporated herein.

2.     The Court has jurisdiction over the subject matter of this Action, and venue is proper in this District.

3.     The members of the Settlement Class are so numerous as to make joinder of them impracticable.  There are questions of law and fact common to the Settlement Class, and such questions predominate over any questions affecting only individual members of the Settlement Class.  The claims of the Settlement Class Representatives and the defenses asserted thereto are typical of the claims of the members of the Settlement Class and the defenses asserted thereto.  The Settlement Class Representatives and their counsel have fairly and adequately protected the interests of the members of the Settlement Class throughout the Action.  A class action is superior to all other available methods for fairly and efficiently resolving the Action.  The Court therefore determines for purposes of approving the Settlement only that the Action satisfies the prerequisites to a class action set forth in Rule 23(a), Fed. R. Civ. P., and may be maintained as a class action under Rule 23(b)(3), Fed. R. Civ. P., with the Settlement Class Representatives representing a Settlement Class, defined as follows, which the Court hereby certifies:

All persons or entities that purchased or held shares and/or interests in the Funds during the Class Period (defined above) and were damaged thereby.  Excluded from the Settlement Class are: (1) defendants in the Action, the Receiver Action and the Group Action; (2) the Released Persons; (3) any putative Settlement Class Member who excludes himself from the Settlement Class by filing a timely request for exclusion in accordance with the requirements set forth in the Notice; (4) the Group Action Plaintiffs; (5) Lauer; and (6) any of the Lancer Entities or their former employees.

4.     It was the intention of Co-Lead Plaintiffs, individually and as Class Representatives, to assert claims in the Action against PwC NA and PwC IL only on behalf of securities purchasers and/or holders of shares of the Funds and not to assert any claims against PwC NA and PwC IL by securities purchasers and/or holders of shares of Partners, because PwC NA and PwC IL and the other Settling Defendants had no involvement in the audits of Partners at issue in the Action.  Co-Lead Plaintiffs, individually and as representatives of the Settlement Class, therefore do not assert any claims or seek any relief on behalf of securities purchasers and/or holders of shares of Partners against PwC NA and PwC IL and the other Settling Defendants, and they have requested by way of the Stipulation that, insofar as the Complaint asserts claims by securities purchasers and/or holders of shares of Partners against PwC NA and PwC IL, those claims be withdrawn, severed and dismissed with prejudice.  That motion is hereby granted, and insofar as the Complaint asserts claims by securities purchasers and/or holders of shares of Partners against PwC NA and PwC IL, those claims are hereby withdrawn, severed and dismissed as against PwC NA and PwC IL with prejudice.

5.      The Settlement is fair, reasonable, and adequate, and is hereby finally approved in all respects, and the parties are authorized and directed to comply with the Stipulation.

6.      This Court hereby dismisses the Action and the Complaint in their entirety with prejudice as against PwC NA and PwC IL, without costs to any of the parties as against the other.

7.      The Settlement Class Members are bound by this Judgment and by the Stipulation, including the release provided in this Judgment.  The members of the Settlement Class who have filed timely and valid requests for exclusion are not Settlement Class Members and are not bound by this Judgment.  A listing of those persons is attached hereto as Exhibit A.  Members of the Settlement Class who are excluded may pursue their own individual remedies, if any.  Those persons may not participate in any of the benefits of the Settlement and shall not receive any proceeds from the Settlement Fund.

8.      Neither the Settlement, the Term Sheet, the Stipulation, nor the fact of the Settlement, is an admission by PwC NA or PwC IL or the other Settling Defendants.  This Judgment is not a finding of the validity of any claims in the Action, the Group Action, or the Receiver Action or of any wrongdoing by PwC NA or PwC IL or the other Settling Defendants.  Furthermore, the Stipulation, the Term Sheet, the Settlement, and any proceedings taken pursuant to the Settlement, and this Judgment:

(a)     do not constitute, and shall not be offered or received against the Settling Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by the Settling Defendants with respect to the truth of any fact alleged by the Receiver or Co-Lead Plaintiffs or the validity of any claim that had been or could have been asserted in the Receiver Action or the Action or in any litigation, including but not limited to the Released Claims, or of any liability, negligence, fault, or wrongdoing of the Settling Defendants;

(b)     do not constitute, and shall not be offered or received against the Settling Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Settling Defendants, or against the Settlement Class or any other Settlement Class Members as evidence of any infirmity in the claims of Co-Lead Plaintiffs or the other Settlement Class Members;

(c)     do not constitute, and shall not be offered or received against the Settling Defendants or against Co-Lead Plaintiffs or any other Settlement Class Member, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Parties to the Stipulation in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation, or to support a claim of res judicata, collateral estoppel, release, or other theory of claim preclusion, issue preclusion, or

judgment reduction under any applicable principle of law, or similar defense;

provided, however, the Settling Defendants may refer to the Settlement and the

Stipulation to effectuate the liability protection granted them under applicable

insurance policies;

(d)     do not constitute, and shall not be construed against the Settling

Defendants, Co-Lead Plaintiffs or any other Settlement Class Member, or the Receiver

as an admission or concession that the consideration to be given pursuant to the

Settlement represents the amount which could be or would have been recovered

after trial;

(e)     do not constitute, and shall not be construed as or received in

evidence as, an admission, concession or presumption against Co-Lead Plaintiffs, any

other Settlement Class Members or the Receiver that any of their claims are without

merit or that damages recoverable in the Receiver Action or the Action would not

have exceeded the Settlement Amount; and

(f)     do not constitute, and shall not be construed as or received in

evidence as, an admission, concession or presumption that class certification is

appropriate in the Action other than for settlement purposes.

9.     Upon the Effective Date, Plaintiffs, Settlement Class Representatives

and all Settlement Class Members, on behalf of themselves and each of their

respective predecessors, successors, parents, subsidiaries, affiliates, custodians,

agents, assigns, representatives, heirs, executors, trustees, administrators, and any

other person or entity they represent having any legal or beneficial interest in shares of the Funds (collectively "Releasors"), are hereby deemed to fully, finally and unconditionally release and forever discharge PwC NA, PwC IL, and all other firms that participate in the network of firms connected through membership or otherwise in PwC IL (the "PwC Member Network or Connected Firms"), and each of their current and former partners, principals, directors, officers, employees, agents, representatives, or others acting on their behalf, including, but not limited to, the Individual Defendants (collectively "Released Persons"), from and with respect to all claims, demands, rights, duties, remedies, liabilities and causes of action of every nature and description whatsoever, known or unknown, suspected or unsuspected, whether based on federal, state, local, statutory or common law or any other law, rule or regulation of any jurisdiction, that have been or could have been asserted in the Action, the Group Action, or the Receiver Action or in any other action, whether directly, indirectly, representatively or in any other capacity, against the Released Persons arising out of or in any way related to professional services rendered by the Released Persons for the Lancer Entities ("Released Claims").  The release of Released Claims by Releasors shall be a waiver and relinquishment, to the fullest extent permitted by law, of all provisions, laws and rules limiting relinquishment of unknown or unsuspected claims, including the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR"

and any and all provisions, rights and benefits of any similar statute or common law rule of any other jurisdiction.  The PwC Member Network or Connected Firms are express third-party beneficiaries of this release.  The Released Persons do not include, and the release granted to the Released Persons shall not extend to, any defendant in the Group Action, this Action, or any action that already has been commenced by the Receiver other than PwC NA, PwC IL and the Individual Defendants.

10.     (a)   For  purposes of Paragraphs 10 and 11 of this Judgment -

(i)   "Non-Settling Defendants" shall mean non-settling defendants in this Action, any other defendants in non-preference actions filed by the Receiver, and, in each case, any persons acting on their behalf;

(ii)  "The Lancer Actions" shall mean this Action and any non-preference actions filed by the Receiver; and

(Iii)  "Any Plaintiff" shall mean the Co-Lead Plaintiffs and any member of the class alleged in this Action, and the Receiver in non-preference actions.

(b)   Each Non-Settling Defendant is hereby permanently barred from bringing any claim against the Settling Defendants, or persons who acted on their

behalf, where the liability of the Settling Defendant arises out of or reasonably flows from the claims or allegations in any of The Lancer Actions, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, in this or any other court, or in any arbitration proceeding, administrative agency proceeding, or other forum and (1) the injury to the Non-Settling Defendant is its liability to Any Plaintiff, or (2) the Non-Settling Defendant's damages are measured by its liability to Any Plaintiff.[2]

(c)      The Settling Defendants, and any persons acting on their behalf, are hereby permanently barred from bringing any claim against any Non-Settling Defendant (i) where the injury to the Settling Defendant is its liability to Any Plaintiff, or (ii) where the Settling Defendant's damages are measured by its liability to Any Plaintiff.[3]

11.     Any final verdict or judgment that may be obtained by Co-Lead Plaintiffs, or the class alleged in this Action or any member thereof against one or more Non-Settling Defendants shall be reduced by the greater of (i) the dollar value equal to the percentage of responsibility of the Released Persons[4] multiplied by the

---

[2]  This Order shall not bar truly independent claims.

[3]  The parties have stated on the record their agreement that PricewaterhouseCoopers LLP ("PwC-USA") and other independent PwC member firms are not persons acting on any Settling Defendants' behalf.  That agreement shall be binding and enforceable against the parties in any future proceedings.

[4]  This judgment credit for "Released Persons" shall not be construed to broaden the scope of the persons or entities, or broaden the scope of the claims,

damages awarded to the Co-Lead Plaintiffs, or to the class alleged in this Action or any member thereof; or (ii) the Settlement Amount.

12.    To implement principles of proportionate fault, Co-Lead Plaintiffs and Settlement Class Members shall not seek any recovery from any person in respect of any alleged action or omission of any Released Person with respect to the Released Claims and, in the event any such recovery is obtained nevertheless, shall assign it to the Carrier (defined in the Stipulation).  To further implement principles of proportionate fault, Co-Lead Plaintiffs shall:

(a)    not seek in any other settlement concerning the Funds, any amount in respect of any conduct or any alleged conduct of any Released Person;

(b)    not permit any other settlement made on their behalf or on behalf of the Settlement Class or through which they or the Settlement Class benefits concerning the Funds to purport to attribute any payment to any conduct or alleged conduct of any Released Person; and

(c)    not seek to recover from any person any amount in connection with the Funds in respect of any alleged act or omission of any Released Person.

Subject to the foregoing, nothing herein limits any right of the Co-Lead Plaintiffs or the Settlement Class Members to pursue claims against any defendant in

---

covered by the bar provision contained in Paragraph 10 of this Judgment.

the Action or some other action other than the Released Persons for such defendant's

own acts or omissions, or from pursuing their claims against any person other than a

Released Person for any claims other than the Released Claims.

13.     Upon the Effective Date, PwC NA, PwC IL and the Individual

Defendants are hereby deemed to fully, finally and unconditionally release and

forever discharge the Co-Lead Plaintiffs and all Settlement Class Members and each of

their current and former partners, principals, employees, agents, representatives,

attorneys, accountants, consultants or others acting on their behalf (collectively

"Plaintiff Releasees"), from all claims, demands, rights, duties, remedies, liabilities

and causes of action of every nature and description whatsoever, known or unknown,

suspected or unsuspected, whether based on federal, state, local, statutory or

common law or any other law, rule or regulation of any jurisdiction, that have been

or could have been asserted in the Action by PwC NA, PwC IL and the Individual

Defendants whether directly, indirectly, representatively or in any other capacity,

against the Plaintiff Releasees, arising out of or in any way related to professional

services rendered by PwC NA and the Individual Defendants to the Lancer Entities, or

which arise out of or relate in any away to the institution, prosecution or settlement

of the Action.  The release of these claims by PwC NA, PwC IL and the Individual

Defendants shall be a waiver and relinquishment, to the fullest extent permitted by

law, of all provisions, laws and rules limiting relinquishment of unknown or

unsuspected claims, including the provisions, rights and benefits of Section 1542 of

the California Civil Code, which provides:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
> CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR
> AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR
> HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH
> THE DEBTOR"

and any and all provisions, rights and benefits or any similar statute or common law

rule of any other jurisdiction.

14.      Upon the Effective Date, all Settlement Class Members, investors,

creditors and interested parties with respect to the Lancer Entities (the "Claimant

Releasors") are hereby deemed to fully, finally and unconditionally release and hold

harmless, now and forever, the Receiver, personally and in his capacity as receiver

for the Lancer Entities, and his professionals, employees and agents, from any

obligation, claim, cause of action or demand of any kind that they presently have,

may have in the future, or have had in the past, at law or in equity, directly,

indirectly or in a representative capacity, known or unknown, discovered or

undiscovered, arising from the Settlement or the scope of the release to be granted

pursuant to the Stipulation by the Receiver to the Released Persons (the "Receiver

Released Claims"), and are permanently enjoined from prosecuting the Receiver

Released Claims.  This provision does not release or otherwise limit the Claimant

Releasors' rights or obligations arising out of the Stipulation, nor does it impact any

Proof of Claim already filed in the Receivership and/or Bankruptcy Proceeding,

including without limitation, any determinations which have been or will be made

concerning the allowance, disallowance or reduction of such Proofs of Claim.  Any appeal from, or objection to this paragraph of the Judgment shall have no effect whatsoever on the Settlement or the finality of any other portion of this Judgment, and shall not affect the Effective Date of the Settlement.

15.    The parties are hereby permanently barred and enjoined from commencing, instituting or prosecuting, either directly or indirectly, any action or other proceeding against any of the persons they have released with respect to, based on, relating to, or arising out of the claims they have released.

16.    The Settlement Fund shall be the sole recovery of Co-Lead Plaintiffs and Settlement Class members from the Released Persons for the Released Claims.  Co-Lead Plaintiffs, personally, as representatives of, and on behalf of, the Settlement Class Members, shall assign to the Carrier their interest in any distribution that may be paid as the result of any recovery by the Receiver against a Released Person.

17.    Pursuant to 15 U.S.C. § 78u-4(c)(1), the Court finds that all settling parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings in the Action.

18.    Co-Lead Counsel Kozyak Tropin and Labaton Sucharow are hereby awarded attorneys' fees in the amount of 20% of the Settlement Fund, and 20% of the collective litigation expenses.  These amounts are to be paid from the Settlement Fund at the time and pursuant to the procedures set forth in the Stipulation.

19.     Any appeal of the portion of this Judgment which awards attorneys' fees or expenses shall have no effect whatsoever on the finality of any other portion of this Judgment, and shall not affect the Effective Date of the Settlement.

20.     All of the amounts to be paid from the Settlement Fund shall be paid at the time and pursuant to the procedures and Plan of Allocation set forth in the Stipulation.  Co-Lead Counsel is hereby authorized to distribute said attorneys' fees in their sole discretion among all Class Counsel.

21.     The proposed Plan of Allocation of the Settlement Fund, as set forth in the Stipulation, is approved.  PwC NA, PwC IL and their counsel shall have no responsibility for, interest in, or liability whatsoever with respect to, the investment or distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of any local, state or federal governmental charge, levy, or tax lawfully imposed thereon, or any losses incurred in connection therewith.

22.     All objections to the Settlement are hereby overruled and denied in all respects.

23.     The Court reserves jurisdiction, without affecting the finality of this Judgment, over: (a) implementing, administering and enforcing this Judgment, including but not limited to the provisions of paragraphs 10 and 11 above, the Settlement and the Stipulation, and any award or distribution of the Settlement

Fund; (b) disposition of the Settlement Fund; and (c) other matters related or ancillary to the foregoing.

24.    In the event that the Settlement does not become effective or is canceled or terminated in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void and be vacated, except paragraph 8 above, which shall survive, and all orders entered in connection therewith by this Court shall be rendered null and void.

25.    The Court finds that no just reason exists for delay in entering final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Accordingly, the Clerk is hereby directed to enter this Judgment forthwith pursuant to Rule 54(b).

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of May, 2009.

KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record

Exhibit A

List Of Settlement Class Members Who Have
Requested Exclusion From The Settlement Class

**NONE**