UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 03-23044-Civ-MARRA/JOHNSON

JOHN BRUHL, KEITH ROTMAN and
SCOTT MALTZ, individually and on
behalf of all others similarly situated,

    Plaintiffs,

vs.

PRICE WATERHOUSECOOPERS
INTERNATIONAL, et al,

    Defendants.
_____/

## ORDER AND OPINION

THIS CAUSE is before the Court upon the Citco Defendants' Motion for Leave to Take Limited Discovery of Class Members [DE 691] and Plaintiffs' Motion for Protective Order [DE 694]. The Court has carefully considered the motions, responses, reply and oral argument of counsel.

On September 30, 2008, the Court entered an Order certifying a class with respect to Plaintiffs' federal securities causes of action and Plaintiffs' common law causes of action for breach of fiduciary duty and aiding and abetting breach of fiduciary duty. *Bruhl v. PricewaterhouseCoopers Int'l*, 257 F.R.D. 684 (S.D. Fla. 2008) (the "Certification Order"). The parties have commenced discovery, including taking the depositions of the class representatives, Keith Rotman and John Bruhl. Due to the complex issues involved, and the significant damages sought by the class members, the Citco Defendants have moved to take limited document and deposition discovery from

class members.

The taking of discovery of absent class members is appropriate only in special circumstances.  *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974).  When considering allowing limited tailored discovery to absent class members in this case, the court applies a four-factor test.  The first factor requires that Defendants demonstrate their requests are "relevant to the decision of common questions." *Transamerican Refining Corp. v. Dravo Corp.*, 139 F.R.D. 619, 621 (S.D. Tex. 1991).

The Court recognized in the Certification Order that reliance was a necessary element of Plaintiffs' federal securities claims.  *Bruhl*, 257 F.R.D. at 691 ("it is well-settled that fraud actions typically require proof of an individual's reliance on the falsity. . .  Indeed, each plaintiff's reliance on the defendant's deceptive acts is essential to a fraud claim because it ensures that, for liability to arise, the 'requisite causal connection between a defendant's misrepresentation and a plaintiff's injury' exists as a predicate for liability.")  Plaintiffs admit that they will have to prove, and the jury in this case will be asked to determine, whether the *class* relied upon the allegedly fraudulent misrepresentations made by Defendants and whether the *class's* reliance was reasonable.  In order to prove reasonable reliance, Plaintiffs presumably will present the testimony of the class representatives *and* the testimony of other class members.  Plaintiffs have the unrestricted ability to discover from the class members who would be the strongest witnesses to support their claims.  Plaintiffs, however, do not dispute the fact that Defendants will be entitled to refute their contentions.

2

One way for Defendants to contest the claim of class reliance or the alleged reasonableness of the class's reliance is to attempt to discover evidence from class members who either did not consider or rely on the alleged misrepresentations because, among other reasons, they considered the representations untrustworthy or having minimal import.  If Plaintiffs are relegated to relying solely on the witnesses Plaintiffs choose to present, they will be denied the opportunity to defend adequately against Plaintiffs claims.  Accordingly, Defendants have met their burden of showing that limited targeted discovery is not only "relevant to the decision of common questions," but in fairness is required.

Second, Defendants must demonstrate that the requests are tendered in good faith and are not unduly burdensome.  *Transamerican Refining Corp.*, 139 F.R.D. at 622.  Third, Defendants must demonstrate that the information is not available from the class representative parties.  *Id*.  The fourth prong requires Defendants to demonstrate that they seek information on matters that they do not already know.  *Clark*, 501 F.2d 341, n.24.  Defendants have met all these tests as well.  They seek limited tailored discovery from class members regarding their own investments in the securities at issue in this case.  They are not seeking a wide range of discovery relative their investment portfolio or investment history.  Discovery obtained solely from the class representatives will not be adequate in this regard.  Moreover, there is no indication that Defendants are motivated to take undue advantage.  Clearly there is no other way for Defendants to get this information than through limited targeted

discovery directed to absent class members. The fact that this case has been certified for class treatment should not function to deprive the Citco Defendants of their right to prove their defenses to the federal securities law and common law claims. *Waters v. Int'l Precious Metals Corp.*, 172 F.R.D. 479 (S.D. Fla. 1996). Since the case is presently slated to proceed to trial on all issues in one phase, the Court will allow the Citco Defendants to discover and present evidence gathered from a small group of class plaintiffs. Accordingly, for good cause shown, it is hereby

ORDERED AND ADJUDGED that the Citco Defendants' Motion for Leave to Take Limited Discovery of Class Members [DE 691] is granted in part and denied in part, and Plaintiffs' Motion for Protective Order [DE 694] is granted in part and denied in part as follows:

The Citco Defendants may propound targeted document requests to 37 class members of their choice. The Citco Defendants may not propound any written interrogatories. The Citco Defendants may then depose any 12 class members of their choice. The Court will extend the discovery deadline to allow the accomplishment of this discovery. No other deadlines, however, shall be extended.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 8th day of December, 2010.

_____
KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record
Magistrate Judge Linnea R. Johnson